

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RONAN TELEPHONE COMPANY and HOT SPRINGS TELEPHONE COMPANY, <br><br> Petitioners, <br><br> v. <br><br> FEDERAL COMMUNICATIONS COMMISSION and UNITED STATES OF AMERICA, <br><br> Respondents, <br><br> T-MOBILE; et al., <br><br> Respondents-Intervenors. | No. 05-71995 <br><br> FCC No. 05-42 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Federal Communications Commission

Argued and Submitted May 7, 2013
Portland, Oregon

Before: GOODWIN, REINHARDT, and BERZON, Circuit Judges.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Ronan Telephone Company and Hot Springs Telephone Company petition this court to review the FCC's February 24, 2005 Declaratory Ruling and Report and Order (the "Order"). We grant the petition and remand.[1]

1. The Telecommunications Act of 1996 ("TCA") ended local telephone service monopolies and permitted telephone companies "for the first time to compete with each other for local telephone customers." *AT&T Commc'ns of Cal., Inc. v. Pac-West Telecomm, Inc.*, 651 F.3d 980, 982 (9th Cir. 2011). For regulatory purposes, the TCA divided local telephone companies into two groups: incumbent local exchange carriers ("ILECs"), the pre-TCA monopoly actors, and competitive local exchange carriers ("CLECs"), the post-TCA market entrants. *Id.*

2. The TCA opened local telephone markets to the new entrants and encouraged competition among ILECs and CLECs through a system that imposed "special obligations on ILECs to mitigate their dominant market position." *Pac-West*, 651 F.3d at 983; *Verizon Md., Inc. v. Pub. Serv. Comm'n*, 535 U.S. 635, 638 (2002). However, Congress also included exceptions directed toward rural communities. Thus, many ILECs could be required to negotiate call-termination rates in good faith and arbitrate rate disputes, preventing them from simply relying on tariffed charges. *See* 47 U.S.C. §§ 251(c)(1), 252. But ILECs and other local

---

[1] MetroPCS Communications, Inc.'s motion to withdraw as Intervenor is **GRANTED.**

telephone companies located in rural communities were specifically permitted to receive exemptions from the TCA's negotiation and arbitration requirement, and they could continue to operate under a tariffed rate regime. *Id.* §§ 153(44), 251(f)(1)(A).

3. Unlike the TCA, the Order includes no exceptions, and instead broadly prohibits all local exchange carriers, including rural carriers, from relying on non-access traffic tariffs. Yet the FCC did not discuss or analyze the effects of eliminating these tariffs among rural local exchange carriers. Although the "scope of review under the arbitrary and capricious standard is narrow and a court is not to substitute its judgment for that of the agency," an agency must still "examine the relevant data and articulate a satisfactory explanation for its action," and must not "fail[] to consider an important aspect of the problem." *Motor Vehicle Mfrs. Ass'n of U.S., Inc., v. State Farm Mut. Auto Ins. Co.*, 463 U.S. 29, 43 (1983) (internal quotation marks omitted). Because the Order does not disclose that the FCC examined the effects of eliminating non-access traffic tariffs for rural local telephone companies and the FCC did not explain its order, we remand for further consideration.

**MOTION TO WITHDRAW AS INTERVENOR GRANTED**.

**PETITION GRANTED and REMANDED.**

3